UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                           )<br>)<br>ROSS ELLIOTT                      )<br>) | CR. NO. 04-10378-GAO |

## JOINT MOTION FOR PROTECTIVE ORDER

The United States of America, by Assistant U.S. Attorney Ann Taylor, and the defendant Ross Elliott, by counsel John Palmer, Esq., jointly request the entrance of the attached Protective Order, and in support thereof state as follows:

1. On December 15, 2004, a one count indictment was returned against Ross Elliott for possession of child pornography, in violation of Title 18, United States Code, Section 2252(a)(4)(B).

2. The evidence in this matter includes images of alleged child pornography that were stored on the defendant's computer and elsewhere.

3. On January 14, 2005, the undersigned issued its standard discovery letter stating that "images of the computer hard drives and all contraband images involved in this case, may be inspected by contacting the Assistant United States attorney handling this matter . . .." The government's position regarding disclosure was based on numerous courts having held that child pornography is contraband and therefore, need not be copied or distributed to the defense. See e.g. United States v. Kimbrough, 69 F.3d 723, 730-731 (5th Cir.

1995) (Fifth Circuit ruled that "[w]e decline to find that Rule 16 provides such contraband can be distributed to, or copied by, the defense" in light of fact that "[c]hild pornography is contraband"); see also United States v. Husband, 246 F.Supp.2d 467, 468-69 (E.D.Va. 2003)(government's offer to make videotape containing child pornography available for inspection, but not for copying, did not violate due process).

4. However, two courts in this district have recently addressed this issue and have ordered the government to copy and distribute computer hard drives containing child pornographic images to counsel for the defense, as part of the government's discovery obligations. See United States v. Rudy Frabizio, 341 F. Supp. 2d 47 (D.Mass. 2004) (hard drive of computer containing child pornography must be copied and disclosed subject to a protective order); United States v. Lewis, Case No. 04-CR-10317 (D.Mass. March 14, 2005)(hard drive of computer containing child pornography must be copied and disclosed subject to a protective order).

5. In light of the rulings in the Frabizio and Lewis cases, the government is prepared to copy and disclose the hard drive in this case, pursuant to a protective order, similar to that issued in Frabizio and Lewis. Said protective orders are necessary to limit the handling and further dissemination of the child pornographic materials, the possession of which is a violation of Title 18, United States Code, Section 2252(a)(4)(B), as well as to minimize the further victimization of the children pictured in the images.

6. On March 22, 2005, the Honorable Joyce London Alexander ordered, *ore tenus*, the disclosure of an image of the computer hard drive seized from the defendant in the above captioned matter, on or before April 5, 2005.

7. Accordingly, the undersigned and counsel for the defendant, jointly request, that the

attached protective order be issued prior to April 5, 2005.

                    Respectfully submitted,

                    MICHAEL J. SULLIVAN
                    United States Attorney

By:    /s/ Ann Taylor
        Ann Taylor
        Assistant U.S. Attorney


ROSS ELLIOTT
Defendant

By:    /s/ John Palmer
        John Palmer
        Counsel for Ross Elliott

DATE: March 28, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 04-10378-GAO |
| | ) | |
| ROSS ELLIOTT | ) | |

## PROTECTIVE ORDER

**IT IS HEREBY ORDERED:**

1.  The government shall provide defense counsel, John Palmer with an image of the hard drive of the computer in the above-captioned matter, necessarily including any and all alleged child pornography and/or contraband contained thereon. These items shall hereinafter be referred to as the "computer evidence." Mr. Palmer shall maintain the computer evidence as follows:

    a.  The computer evidence shall be maintained by Mr. Palmer in accordance with this Order and shall be used by him solely and exclusively in connection with this case (including trial preparation, trial, and appeal).

    b.  The computer evidence shall be maintained by Mr. Palmer in a locked file or cabinet at all times.

    c.  A copy of this Order shall be kept with the computer evidence at all times.

    d.  The computer evidence shall be accessed and viewed only by Mr. Palmer, and/or employees of Mr. Palmer working on behalf of the defendant

        Employees of Mr. Palmer may only view the evidence in Mr. Palmer's presence, and only after reviewing this order and agreeing to be bound by it. Mr. Palmer shall maintain a list of all employees granted access to the computer evidence, which list shall include the dates and times of such access.

e.    If Mr. Palmer retains a computer expert in this case, said expert may access and examine the computer evidence in this case at Mr. Palmer's office. The computer evidence may not be copied.

e.    Defendant himself shall not be permitted to access or view any graphic image file containing alleged child pornography or contraband, on any of the computer evidence, without petition and prior order of this Court. However, defendant may access and view non-image data contained on the computer evidence for the purpose of assisting in the preparation of his defense in the presence of counsel and under the direct supervision and control of counsel.

f.    Any computer into which the computer evidence may be inserted for access and operation shall not be connected to a network while a copy of the computer evidence is inserted into it.

g.    John Palmer shall take the necessary steps to ensure that alleged child pornography is not printed, and is not copied or saved onto any computer media or hard drive, including into unallocated space and virtual memory.

h.    Any computer into which the computer evidence is inserted may be connected to a printer only under the following conditions: that any printer utilized is a local printer, that the printer may be connected only when and as necessary to print non-graphic image files, and that John Palmer and/or an expert retained by John Palmer shall be personally present at all times a printer is connected.

i.    Within 30 days of termination of this matter (including the termination of any appeal), defense counsel shall return (or cause the return of) the computer evidence to the Assistant United States Attorney assigned to this case. Upon the return of the computer evidence, defense counsel shall file a

brief report to the Court specifying that the terms of this Order have been complied with and reporting the return of the computer evidence.

**IT IS SO ORDERED** this __th day of March, 2005.

_____
JOYCE LONDON ALEXANDER
UNITED STATES MAGISTRATE JUDGE