UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 04-10378-GAO |
| | ) | |
| ROSS ELLIOTT | ) | |

## PROTECTIVE ORDER

**IT IS HEREBY ORDERED:**

1.    The government shall provide defense counsel, John Palmer with an image of the hard

drive of the computer in the above-captioned matter, necessarily including any and all

alleged child pornography and/or contraband contained thereon. These items shall

hereinafter be referred to as the "computer evidence." Mr. Palmer shall maintain the

computer evidence as follows:

    a.    The computer evidence shall be maintained by Mr. Palmer in accordance
with this Order and shall be used by him solely and exclusively in
connection with this case (including trial preparation, trial, and appeal).

    b.    The computer evidence shall be maintained by Mr. Palmer in a locked file
or cabinet at all times.

    c.    A copy of this Order shall be kept with the computer evidence at all times.

    d.    The computer evidence shall be accessed and viewed only by Mr. Palmer,
and/or employees of Mr. Palmer working on behalf of the defendant

Employees of Mr. Palmer may only view the evidence in Mr. Palmer's presence, and only after reviewing this order and agreeing to be bound by it. Mr. Palmer shall maintain a list of all employees granted access to the computer evidence, which list shall include the dates and times of such access.

c.      If Mr. Palmer retains a computer expert in this case, said expert may access and examine the computer evidence in this case at Mr. Palmer's office. The computer evidence may not be copied.

e.      Defendant himself shall not be permitted to access or view any graphic image file containing alleged child pornography or contraband, on any of the computer evidence, without petition and prior order of this Court. However, defendant may access and view non-image data contained on the computer evidence for the purpose of assisting in the preparation of his defense in the presence of counsel and under the direct supervision and control of counsel.

f.      Any computer into which the computer evidence may be inserted for access and operation shall not be connected to a network while a copy of the computer evidence is inserted into it.

g.      John Palmer shall take the necessary steps to ensure that alleged child pornography is not printed, and is not copied or saved onto any computer media or hard drive, including into unallocated space and virtual memory.

h.      Any computer into which the computer evidence is inserted may be connected to a printer only under the following conditions: that any printer utilized is a local printer, that the printer may be connected only when and as necessary to print non-graphic image files, and that John Palmer and/or an expert retained by John Palmer shall be personally present at all times a printer is connected.

i.      Within 30 days of termination of this matter (including the termination of any appeal), defense counsel shall return (or cause the return of) the computer evidence to the Assistant United States Attorney assigned to this case. Upon the return of the computer evidence, defense counsel shall file a

brief report to the Court specifying that the terms of this Order have been complied with and reporting the return of the computer evidence.

**IT IS SO ORDERED** this 15th day of ~~March~~ April, 2005.


JOYCE LONDON ALEXANDER
UNITED STATES MAGISTRATE JUDGE