UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

)
UNITED STATES OF AMERICA )
)
v. ) CRIMINAL NO. 04- 10378-GAO
)
ROSS ELLIOTT, )
    Defendant )
)

DEFENDANT'S SENTENCING MEMORANDUM

The Defendant Ross Elliott ("Elliott") submits this memorandum in support of his sentencing recommendation that the court impose a sentence which is "sufficient, but not greater than necessary, to comply with the purposes [of sentencing]...." 18 U.S.C. §3553. Specifically, Defendant requests that he be sentenced to a term of community confinement and, thereafter, supervised release or probation with a condition that he attend a treatment program as directed by Probation.

Prior Proceedings

On December 15, 2004, a Federal Grand Jury sitting in Boston returned an indictment against Elliott, charging him with possession of child pornography pursuant to 18 U.S.C. §2252(a)(4)(B). Elliott was brought before the court (Alexander, M.J.) on December 16, 2004, and released upon $10,000.00 unsecured bond with conditions. He was arraigned on December 20, 2004, and initially entered a plea of not guilty.

On September 21, 2006, Elliott appeared before the court (O'Toole, J.) for a change of plea hearing. A plea of guilty was entered, and the case was continued for sentencing to January 16, 2007.

<u>Argument</u>

A sentencing court is directed to impose a sentence which is "sufficient, but not greater than necessary, to comply with the purposes [of sentencing]", as outlined in 18 U.S.C. §3553. The statute provides as follows: "[I]n determining the particular sentence to be imposed, [the court] shall consider:

1. the nature and circumstances of the offense and the history and characteristics of the defendant;

2. the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational and vocational training, medical care, or other correctional treatment in the most effective manner;

3. the kinds of sentences available;

4. the kinds of sentences and the sentencing range established for (A) the applicable category of offense by the applicable category of defendant as set forth in [the Sentencing Guidelines]....;

5. any pertinent policy statement issued by the Sentencing Commission....;

6. the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and

7. the need to provide restitution to any victims of the offense". <u>Id</u>.

Following the Supreme Court's decision in <u>United States v. Booker</u>, 125 S.Ct. 738 (2005), the Sentencing Guidelines are merely advisory, and may be considered, along with other sentencing factors enumerated in 18 U.S.C. §3553, in the context of the overriding principle that a sentence should be "sufficient, but not greater than necessary" to fulfill the "need for the sentence imposed".

### *Nature And Circumstances Of The Offense*

The nature and circumstances of the offense are set forth in the Presentence Report (PSR) at pages 1-3.  Defendant has objected to the inclusion of paragraphs (14) and (17) to the extent that they purport to provide a basis for relevant conduct enhancements.

### *History And Characteristics Of Defendant*

The history and characteristics of the Defendant are set forth in paragraphs (43) through (66) of the PSR, as supplemented by Defendant's submissions to Probation.  Of particular note is the fact that Elliott was forty-six years old at the time that this offense was committed, and that he has had no prior criminal record of any sort.

It is also noteworthy that Elliott's downloading of child pornography was closely related to his diagnosed schizoid personality disorder and obsessive compulsive disorder. Elliott does not meet the criteria for a diagnosis of pedophilia.

### *The Need For Sentence Imposed*

Elliott is requesting that the court sentence him to a period of probation with community confinement as a condition, with the further condition that he follow the treatment regimen recommended by Dr. Edersheim and/or U.S. Probation.  Alternatively, the court may sentence Elliott to a term of community confinement in lieu of prison and thereafter supervised release.  Given Elliott's complete lack of prior criminal involvement, his family circumstances, and his mental disability issues related to the commission of the crime, such a sentence would adequately reflect the seriousness of the offense, so as to promote respect for the law and provide "just punishment."  Moreover, as a result of "relevant conduct" and other enhancements, the Guidelines overstate the

need for punishment "for the offense" as contemplated by 18 U.S.C. §3553(a)(2). A sentence which included community confinement would punish Defendant by separating him from his family for a period of time, without inflicting punishment on his family by depriving them of his needed support.

The sentence proposed by Defendant would also afford adequate deterrence and protection for the public. Given the Defendant's age and his lack of prior criminal involvement, the risk of recidivism is low. Since his arrest in this case in 2004 Elliott has complied with the terms of his release which include no use of the computer or the internet. Elliott has made efforts to commence treatment as recommended by Dr. Edersheim but has been unable to obtain the services of a suitable treatment provider for financial reasons[1]. If Elliott were to be treated for the mental disabilities that contributed to this offense, the risk of recidivism would be lowered even further.

Finally, a sentence of community confinement and supervised release would provide Defendant with the most effective treatment milieu. In general, incarceration is not an appropriate means "of rehabilitating the defendant or providing the defendant with needed . . . medical care or correctional treatment". 28 U.S.C. §994(k). See also, 18 U.S.C. §3582(a) (… [I]mprisonment is not an appropriate means of promoting correction and rehabilitation.")

*Available Sentences*

The Defendant may be sentenced to a term of probation for up to five years. 18 U.S.C. §3561. Community confinement or home detention may be made conditions of probation. U.S.S.G. §5B 1.3(e). The Defendant may be sentenced to a term of

---

[1] One of the providers contacted by Defendant i.e. John Cusak, indicated that while he would have to charge Defendant for treatment as a private client, he did contract work for the Probation Office and could treat Defendant if referred by Probation.

4

imprisonment to be followed by supervised release, with community confinement or home detention to be substituted for imprisonment.  U.S.S.G. §5C 1.1.

*Advisory Guidelines*

The Defendant submits that the Advisory Guideline range for his offense is 27-33 months, which is lower than the Guidelines range calculated by Probation.  Defendant admitted to the offense of knowing possession of child pornography as set forth in the indictment.  The Base Offense Level for this offense is 15.  U.S.S.G. §2G 2.4(a).  The Defendant also does not contest the additional 2 points ascribed pursuant to §2G 2.4(b)(1) [material involving prepubescent minor and minor under twelve], the 2 points pursuant to §2G 2.4(b)(3) [possession resulting from the use of a computer], and the 2 points pursuant to §2G 2.4(b)(5)(A) [possession of at least ten images but less than 150].  These enhancements were included in the indictment as a Notice Of Additional Factors.  The Adjusted Offense Level is thus 21 and, with a three point adjustment for Acceptance of Responsibility, the Total Offense Level is 18.  With no prior record, the Guideline Range for Defendant is thus 27-33 months.

As noted in his objections to Probation, Defendant takes issue with the enhancements added by Probation for possession of ten or more items depicting childhood pornography [U.S.S.G. 2G 2.4(b)(1)] and possession of material depicting sadistic images (images of very young children being penetrated) [§2G 2.4(b)(4)]. Neither of these enhancements were "noticed" in the indictment at the time when the United States Attorney's Office believed that such notice ought to be provided in order to comply with the teachings of Blakely v. Washington, 542 U.S. 296 (2004).  Where the Defendant has relied upon such notice in the preparation of his case and in his decision to

5

plead guilty, it would be unfair at this juncture to add enhancements beyond what the Government noticed when it indicted Defendant (and never superseded the indictment). The Government's position before the Grand Jury which indicted Defendant was that there enhancements (totaling 6 points) applied to Defendant. The Government should be estopped from now claiming additional enhancements. Compare, Howell v. Town of Leyden, 355 F. Supp. 2d 248, 250-251 (D. Mass. 2004)(doctrine of "judicial estoppal" precludes party from asserting a position in one legal proceeding contrary to position asserted in earlier proceeding).

In addition, unlike the Government's determination that over 100 images involved "known child victims or having come from books/magazines" [see PSR (16)], there is no evidence to suggest that the images on the CDs or the alleged sadistic images were "real" and not "virtual". There is thus no basis to include these images in the Guidelines calculation. Compare, U.S. v. Hilton, 386 F. 3d 13, 18 (1st Cir. 2004), cited in United States v. Frabizio, 459 F. 3d 80, 82 (1st Cir. 2006)("government must prove that an image depicts actual children to sustain a . . . conviction.").

### *Policy Statements Of Sentencing Commission*

Defendant is not relying upon any specific policy statement of the Sentencing Commission.

### *Unwarranted Sentencing Disparities*

The Defendant's proposed sentence of community confinement followed by probation or supervised release does not implicate any "unwarranted sentencing disparities."

*Restitution*

There is no issue of restitution in this case.

Conclusion

Where the Defendant has led an exemplary life until this offense (committed at the age of 46), where Defendant's mental disability contributed to the offense and treatment for such disability is necessary, where Defendant's incarceration would result in financial hardship and dislocation for his family, and where the purposes and requirements for sentencing as set forth in 18 U.S.C. §3553 warrant a non guideline sentence, the court should sentence the Defendant to probation with community confinement and treatment as conditions or to community confinement in lieu of prison, to be followed by supervised release.

DEFENDANT
By his attorney

/s/John F. Palmer
John F. Palmer
Law Office of John F. Palmer
24 School Street, 8th Floor
Boston, MA 02108
(617)723-7010
BBO# 387980

Dated: January 5, 2007

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered parties on January 5, 2007.