AO 245B(05-MA)　　(Rev. 06/05) Judgment in a Criminal Case
　　　　　　　　　Sheet 1 - D. Massachusetts - 10/05

# UNITED STATES DISTRICT COURT
## District of Massachusetts

| | |
|---|---|
| UNITED STATES OF AMERICA<br>**V.**<br>**ROSS ELLIOTT** | **JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number: **1: 04 CR 10378 - 001 - GAO**<br>USM Number: 25454-038<br>JOHN F. PALMER, ESQUIRE<br>_____<br>Defendant's Attorney |

Date of Original/Amended Judgment: _____

☑ Additional documents attached

☐

**THE DEFENDANT:**

☑ pleaded guilty to count(s)　1　　(Plea: 9/21/06)

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

Additional Counts - See continuation page ☐

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC sec. 2252 | (a)(4)(B) Possession of Child Pornography | 12/22/03 | 1 |

　　　The defendant is sentenced as provided in pages 2 through _____ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

　　　It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

01/16/07
_____
Date of Imposition of Judgment

/s/ George A. O'Toole, Jr
_____
Signature of Judge

The Honorable George A. O'Toole
Judge, U.S. District Court
_____
Name and Title of Judge

January 17, 2007
_____
Date

✎AO 245B(05-MA)       (Rev. 06/05) Judgment in a Criminal Case
                      Sheet 1A - D. Massachusetts - 10/05

DEFENDANT:        **ROSS ELLIOTT**
CASE NUMBER:  **1: 04  CR  10378   - 001  - GAO**

Judgment—Page _____ of _____

## ADDITIONAL COUNTS OF CONVICTION

**Title & Section**          **Nature of Offense**                                **Offense Ended**        **Count**

AO 245B(05-MA)    (Rev. 06/05) Judgment in a Criminal Case
Sheet 2 - D. Massachusetts - 10/05

Judgment — Page    2    of    _____

DEFENDANT: **ROSS ELLIOTT**
CASE NUMBER: **1: 04  CR  10378  - 001  - GAO**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a
total term of:    24    month(s)

on count 1.

☑ The court makes the following recommendations to the Bureau of Prisons:

The court recommends to the Bureau of Prisons that the defendant participate in mental health treatment
which includes as a component sex offender counseling, if available at designated facility.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at    _____  ☐ a.m.  ☐ p.m.    on    _____ .

☐ as notified by the United States Marshal.

☑ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☑ before 2 p.m. on    02/16/07    .

☑ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on    _____    to    _____

a_____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By    _____
DEPUTY UNITED STATES MARSHAL

✎AO 245B(05-MA)    (Rev. 06/05) Judgment in a Criminal Case
Sheet 3 - D. Massachusetts - 10/05

Judgment—Page ___3___ of _____

DEFENDANT: **ROSS ELLIOTT**
CASE NUMBER: **1: 04 CR 10378    - 001 - GAO**

## SUPERVISED RELEASE

☐ See continuation page

Upon release from imprisonment, the defendant shall be on supervised release for a term of :    2    year(s)

on count 1.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed  104  tests per year, as directed by the probation officer.

☑ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.  (Check, if applicable.)

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.  (Check, if applicable.)

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer.  (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer.  (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence.  (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)   the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   the defendant shall support his or her dependents and meet other family responsibilities;

5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)   the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)   the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)   the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)   as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

⊠AO 245B(05-MA)    Case 1:04-cr-10378-GAO    Document 31    Filed 01/17/2007    Page 5 of 10
                    (Rev. 06/05) Judgment in a Criminal Case
                    Sheet 4A - Continuation Page - Supervised Release/Probation -10/05

DEFENDANT: **ROSS ELLIOTT**

CASE NUMBER: **1: 04 CR 10378 - 001 - GAO**

Judgment—Page ___4___ of _____

# ADDITIONAL ☑ SUPERVISED RELEASE ☐ PROBATION TERMS

The defendant is to participate in a mental health treatment program as directed by Probation.  The defendant shall be required to contribute to the costs of services for such treatment based on the ability to pay or availability of third-party payment.

The defendant is to participate in a sex offender specific treatment program which may include sex offender specific testing at the direction of the Probation Office.  The defendant shall be required to contribute to the costs of services for such treatment based on the ability to pay or availability of third-party payment.

The defendant shall be required to submit to periodic polygraph testing as a means to insure that he is in compliance with the requirements of his therapeutic program.  No violation proceedings will arise based solely on a defendant's failure to "pass" the polygraph.  Such an event could, however, generate a separate investigation.  When submitting to a polygraph exam, the defendant does not waive his Fifth Amendment rights, and the defendant's exercise of his Fifth amendment rights will not give rise to violation proceedings. The defendant shall be required to contribute to the costs of testing based on the ability to pay or availability of third-party payment.

## Continuation of Conditions of ☑ Supervised Release ☐ Probation

The defendant is prohibited from possessing a computer and/or related materials except as deemed necessary for work purposes.

The defendant shall report his address, and any subsequent address changes, to the Probation Office.

The defendant shall register as a sex offender as required in any state where he resides, is employed, carries on a vocation, or is a student.

AO 245B(05-MA)   (Rev. 06/05) Judgment in a Criminal Case
Sheet 5 - D. Massachusetts - 10/05

DEFENDANT: **ROSS ELLIOTT**
CASE NUMBER: **1: 04  CR  10378  - 001  - GAO**

Judgment — Page ___5___ of _____

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $    $100.00 | $ | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
|  |  |  |  |

☐ See Continuation
Page

| **TOTALS** | $ _____$0.00 | $ _____$0.00 |
|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement   $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

   ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B   (Rev. 06/05) Criminal Judgment
Attachment (Page 1) — Statement of Reasons - D. Massachusetts - 10/05

DEFENDANT:   **ROSS ELLIOTT**                                      Judgment — Page   6   of
CASE NUMBER: **1: 04 CR 10378   - 001 - GAO**
DISTRICT:         **MASSACHUSETTS**

# STATEMENT OF REASONS

**I    COURT FINDINGS ON PRESENTENCE INVESTIGATION REPORT**

A   ☐   **The court adopts the presentence investigation report without change.**

B   ☑   **The court adopts the presentence investigation report with the following changes.**
          (Check all that apply and specify court determination, findings, or comments, referencing paragraph numbers in the presentence report, if applicable.)
          (Use Section VIII if necessary.)

   1   ☑   **Chapter Two of the U.S.S.G. Manual** determinations by court (including changes to base offense level, or
              specific offense characteristics):

              At the gov't's concession, the adjustments to offense level proposed in paragraphs 25 & 27 are not made.

   2   ☐   **Chapter Three of the U.S.S.G. Manual** determinations by court (including changes to victim-related adjustments,
              role in the offense, obstruction of justice, multiple counts, or acceptance of responsibility):

   3   ☐   **Chapter Four of the U.S.S.G. Manual** determinations by court (including changes to criminal history category or
              scores, career offender, or criminal livelihood determinations):

   4   ☐   **Additional Comments or Findings** (including comments or factual findings concerning certain information in the
              presentence report that the Federal Bureau of Prisons may rely on when it makes inmate classification, designation,
              or programming decisions):

C   ☐   **The record establishes no need for a presentence investigation report pursuant to Fed.R.Crim.P. 32.**

**II   COURT FINDING ON MANDATORY MINIMUM SENTENCE** (Check all that apply.)

A   ☐   No count of conviction carries a mandatory minimum sentence.

B   ☐   Mandatory minimum sentence imposed.

C   ☐   One or more counts of conviction alleged in the indictment carry a mandatory minimum term of imprisonment, but the
           sentence imposed is below a mandatory minimum term because the court has determined that the mandatory minimum
           does not apply based on

           ☐   findings of fact in this case
           ☐   substantial assistance (18 U.S.C. § 3553(e))
           ☐   the statutory safety valve (18 U.S.C. § 3553(f))

**III   COURT DETERMINATION OF ADVISORY GUIDELINE RANGE (BEFORE DEPARTURES):**

Total Offense Level:          18
Criminal History Category:   I
Imprisonment Range:       27     to   33         months
Supervised Release Range:   2     to   3          years
Fine Range: $  6,000      to  $   60,000
☑   Fine waived or below the guideline range because of inability to pay.

DEFENDANT: **ROSS ELLIOTT**
CASE NUMBER: **1: 04 CR 10378 - 001 - GAO**
DISTRICT: **MASSACHUSETTS**

Judgment — Page 7 of

# STATEMENT OF REASONS

**IV    ADVISORY GUIDELINE SENTENCING DETERMINATION** (Check only one.)

A ☐ The sentence is within an advisory guideline range that is not greater than 24 months, and the court finds no reason to depart.

B ☐ The sentence is within an advisory guideline range that is greater than 24 months, and the specific sentence is imposed for these reasons.
(Use Section VIII if necessary.)

C ☐ The court departs from the advisory guideline range for reasons authorized by the sentencing guidelines manual.
(Also complete Section V.)

D ☑ The court imposed a sentence outside the advisory sentencing guideline system. (Also complete Section VI.)

**V    DEPARTURES AUTHORIZED BY THE ADVISORY SENTENCING GUIDELINES** (If applicable.)

A **The sentence imposed departs** (Check only one.):
☐ below the advisory guideline range
☐ above the advisory guideline range

B **Departure based on** (Check all that apply.):

1    **Plea Agreement** (Check all that apply and check reason(s) below.):
☐ 5K1.1 plea agreement based on the defendant's substantial assistance
☐ 5K3.1 plea agreement based on Early Disposition or "Fast-track" Program
☐ binding plea agreement for departure accepted by the court
☐ plea agreement for departure, which the court finds to be reasonable
☐ plea agreement that states that the government will not oppose a defense departure motion.

2    **Motion Not Addressed in a Plea Agreement** (Check all that apply and check reason(s) below.):
☐ 5K1.1 government motion based on the defendant's substantial assistance
☐ 5K3.1 government motion based on Early Disposition or "Fast-track" program
☐ government motion for departure
☐ defense motion for departure to which the government did not object
☐ defense motion for departure to which the government objected

3    **Other**
☐ Other than a plea agreement or motion by the parties for departure (Check reason(s) below.):

C **Reason(s) for Departure** (Check all that apply other than 5K1.1 or 5K3.1.)

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☐ | 4A1.3 | Criminal History Inadequacy | ☐ | 5K2.1 | Death | ☐ | 5K2.11 Lesser Harm |
| ☐ | 5H1.1 | Age | ☐ | 5K2.2 | Physical Injury | ☐ | 5K2.12 Coercion and Duress |
| ☐ | 5H1.2 | Education and Vocational Skills | ☐ | 5K2.3 | Extreme Psychological Injury | ☐ | 5K2.13 Diminished Capacity |
| ☐ | 5H1.3 | Mental and Emotional Condition | ☐ | 5K2.4 | Abduction or Unlawful Restraint | ☐ | 5K2.14 Public Welfare |
| ☐ | 5H1.4 | Physical Condition | ☐ | 5K2.5 | Property Damage or Loss | ☐ | 5K2.16 Voluntary Disclosure of Offense |
| ☐ | 5H1.5 | Employment Record | ☐ | 5K2.6 | Weapon or Dangerous Weapon | ☐ | 5K2.17 High-Capacity, Semiautomatic Weapon |
| ☐ | 5H1.6 | Family Ties and Responsibilities | ☐ | 5K2.7 | Disruption of Government Function | ☐ | 5K2.18 Violent Street Gang |
| ☐ | 5H1.11 | Military Record, Charitable Service, Good Works | ☐ | 5K2.8 | Extreme Conduct | ☐ | 5K2.20 Aberrant Behavior |
| | | | ☐ | 5K2.9 | Criminal Purpose | ☐ | 5K2.21 Dismissed and Uncharged Conduct |
| ☐ | 5K2.0 | Aggravating or Mitigating Circumstances | ☐ | 5K2.10 | Victim's Conduct | ☐ | 5K2.22 Age or Health of Sex Offenders |
| | | | | | | ☐ | 5K2.23 Discharged Terms of Imprisonment |
| | | | | | | ☐ | Other guideline basis (e.g., 2B1.1 commentary) |

D **Explain the facts justifying the departure.** (Use Section VIII if necessary.)

---

DEFENDANT:    **ROSS ELLIOTT**                                    Judgment — Page     of

CASE NUMBER:   **1: 04 CR 10378   - 001 - GAO**

DISTRICT:        **MASSACHUSETTS**

# STATEMENT OF REASONS

**VI**    **COURT DETERMINATION FOR SENTENCE OUTSIDE THE ADVISORY GUIDELINE SYSTEM**
(Check all that apply.)

A    **The sentence imposed is** (Check only one.):

     ☑ below the advisory guideline range

     ☐ above the advisory guideline range

B    **Sentence imposed pursuant to** (Check all that apply.):

     1      **Plea Agreement** (Check all that apply and check reason(s) below.):

         ☐   binding plea agreement for a sentence outside the advisory guideline system accepted by the court

         ☐   plea agreement for a sentence outside the advisory guideline system, which the court finds to be reasonable

         ☐   plea agreement that states that the government will not oppose a defense motion to the court to sentence outside the advisory guideline system

     2      **Motion Not Addressed in a Plea Agreement** (Check all that apply and check reason(s) below.):

         ☐   government motion for a sentence outside of the advisory guideline system

         ☐   defense motion for a sentence outside of the advisory guideline system to which the government did not object

         ☐   defense motion for a sentence outside of the advisory guideline system to which the government objected

     3      **Other**

         ☑   Other than a plea agreement or motion by the parties for a sentence outside of the advisory guideline system (Check reason(s) below.):

C    **Reason(s) for Sentence Outside the Advisory Guideline System** (Check all that apply.)

     ☑ the nature and circumstances of the offense and the history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1)

     ☑ to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense (18 U.S.C. § 3553(a)(2)(A))

     ☑ to afford adequate deterrence to criminal conduct (18 U.S.C. § 3553(a)(2)(B))

     ☑ to protect the public from further crimes of the defendant (18 U.S.C. § 3553(a)(2)(C))

     ☑ to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner (18 U.S.C. § 3553(a)(2)(D))

     ☑ to avoid unwarranted sentencing disparities among defendants (18 U.S.C. § 3553(a)(6))

     ☐ to provide restitution to any victims of the offense (18 U.S.C. § 3553(a)(7))

D    **Explain the facts justifying a sentence outside the advisory guideline system.**   (Use Section VIII if necessary.)

   The impact of the defendant's psychiatric disorder is taken into account. See further statement of reasons stated in open court. A transcript is attached.

| | |
|---|---|
| DEFENDANT: | **ROSS ELLIOTT** |
| CASE NUMBER: | **1: 04 CR 10378 - 001 - GAO** |
| DISTRICT: | **MASSACHUSETTS** |

Judgment — Page    of

# STATEMENT OF REASONS

## VII COURT DETERMINATIONS OF RESTITUTION

A ☐ Restitution Not Applicable.

B Total Amount of Restitution: _____

C Restitution not ordered (Check only one.):

   1 ☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because the number of identifiable victims is so large as to make restitution impracticable under 18 U.S.C. § 3663A(c)(3)(A).

   2 ☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because determining complex issues of fact and relating them to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim would be outweighed by the burden on the sentencing process under 18 U.S.C. § 3663A(c)(3)(B).

   3 ☐ For other offenses for which restitution is authorized under 18 U.S.C. § 3663 and/or required by the sentencing guidelines, restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweigh the need to provide restitution to any victims under 18 U.S.C. § 3663(a)(1)(B)(ii).

   4 ☐ Restitution is not ordered for other reasons. (Explain.)

D ☐ Partial restitution is ordered for these reasons (18 U.S.C. § 3553(c)):

## VIII ADDITIONAL FACTS JUSTIFYING THE SENTENCE IN THIS CASE (If applicable.)

Sections I, II, III, IV, and VII of the Statement of Reasons form must be completed in all felony cases.

| | | |
|---|---|---|
| Defendant's Soc. Sec. No.: | 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 | Date of Imposition of Judgment |
| | | 01/16/07 |
| Defendant's Date of Birth: | 00-00-1957 | |
| | | /s/ George A. O'Toole, Jr |
| Defendant's Residence Address: | 85 Merriam Street, Apt. 3 Somerville, MA 02143 | Signature of Judge |
| | | The Honorable George A. O'Toole  Judge, U.S. District Court |
| Defendant's Mailing Address: | same as above | Name and Title of Judge |
| | | Date Signed  January 17, 2007 |

011607 usa vs. elliott SOR (F).txt

1

1                    UNITED STATES DISTRICT COURT FOR
                         THE DISTRICT OF MASSACHUSETTS
2

3                                    )
4    UNITED STATES OF AMERICA,       )
                                     )
5              Plaintiff,            )
                                     )        Criminal Action
6                                    )        No. 03-10378-GAO
     vs.                             )
7                                    )
                                     )
8    ROSS ELLIOTT,                   )
                                     )
9              Defendant.            )
                                     )
10

11

12                    TRANSCRIPT OF STATEMENT OF REASONS

13

14            BEFORE THE HONORABLE GEORGE A. O'TOOLE, JR.
                         UNITED STATES DISTRICT JUDGE
15

16                        United States District Court
                      John J. Moakley U.S. Courthouse
17                              1 Courthouse Way
                       Boston, Massachusetts  02210
18                            January 16, 2007
                                  3:05 p.m.
19

20                        *  *  *  *  *  *

21

22                        SHELLY M. KILLIAN, CM
                           Official Court Reporter
23               John J. Moakley U.S. Courthouse
                     1 Courthouse Way, Room 3510
24                        Boston, MA  02210
                            (617) 737-7117
25

2

1    APPEARANCES:

2    For the Plaintiff:

3         Christopher Bator
          United States Attorney's Office
4         John Joseph Moakley Federal Courthouse
          1 Courthouse Way, Suite 9200

Page 1

```
                    011607 usa vs. elliott SOR (F).txt
5        Boston, Massachusetts  02210

6   For the Defendant:

7        John F. Palmer, Esq.
         Law Office of John F. Palmer, P.C.
8        24 School Street, 8th Floor
         Boston, Massachusetts  02108
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

                                                              3
1                      P R O C E E D I N G S
2             (The following proceedings were held in open court
3   before the Honorable George A. O'Toole, Jr., United States
4   District Judge, United States District Court, District of
5   Massachusetts, at the John J. Moakley United States Courthouse,
6   1 Courthouse Way, Boston, Massachusetts, on January 16, 2007.
7             The defendant, Richard Cassano, is present with
8   counsel.  Assistant United States Attorney Christopher Bator is
9   present.)
```

011607 usa vs. elliott SOR (F).txt
10         (Statement of Reasons begins.)

11         THE COURT:  Okay.

12              As I've mentioned, there are a number of factors in

13    the statute that require attention.  We've given attention to

14    the advice from the guidelines, which are two of the guidelines

15    and relevant policy statements, which are two aspects of the

16    guidelines.  Let me address some of the others.

17              The nature and circumstances of the offense.

18    The -- I think the thing or some of the things that occur to me

19    about the offense as it appears from the offense -- statement

20    of offense conduct is, first, the relatively large number of

21    images that were I guess, A, downloaded and, perhaps more

22    important, saved.  I think one thing that strikes me about the

23    circumstances of this offense is the saving, preserving of the

24    images both on CD and there's evidence or information in the

25    record about printing off copies on paper copies and so on.

                                                               4

1     The collection of images apparently spanned at least a couple

2     of years, perhaps a little longer.  And so there's a

3     persistence and almost a kind of dedication to the research and

4     saving the fruits of the research, which I think have to be

5     taken account of.

6              The second factor is the history and

7     characteristics of the defendant.  Of course, as we've noted,

8     there's no prior criminal history, which is a significant

9     factor in his favor, nor is there any indication in the

10    information presented of any other kind of anti-social behavior

11    or activity by the defendant.  He's had steady employment and

12    stable family life and so on.  All of those things count in his

13    favor.

14              There is the question of what psychiatric or

                          Page 3

011607 usa vs. elliott SOR (F).txt

15  psychological disorders may be present.  There's evidence not

16  only of recent diagnosis but also remote past diagnosis, which

17  raises the question of what role any such disorder might have

18  played in the defendant's commission in the offense.  And I'll

19  come back to that in a minute.

20        The third factor enumerated in the statute asks

21  that the Court consider the need for the sentence to reflect

22  the seriousness of the offense, promote the respect for the

23  law, provide just punishment, afford an adequate deterrence,

24  protect the public from further crimes by the defendant, and

25  provide the defendant with needed educational, vocational,

5

1  medical or other correctional treatment.  I don't think there

2  can be any doubt, even if there might be disagreement, that

3  the -- from the penalties that are prescribed and recommended,

4  that both the Congress and the sentencing commission regard the

5  offense of conviction as a very serious one and calls for a

6  serious, substantial penalty including, usually,

7  incarceration.

8        Under the guidelines, for example, even the offense

9  at its simplest level, that is, the base offense -- if you took

10  just the base offense level at 15 and acceptance of

11  responsibility, an adjustment of two levels at that point down

12  to 13.  Under the sentencing grid, the penalty would still fall

13  within Zone D with a recommended range of 12 to 18 months.  So

14  that's even the unenhanced level of the offense.  So I think

15  from that and from the whole structure of the penalties

16  prescribed first by Congress and then responded to by the

17  commission indicates that those bodies have, paying particular

18  attention to the Congressional view, have indicated that a

19  serious penalty is necessary in order to recognize the

Page 4

011607 usa vs. elliott SOR (F).txt
20    seriousness of the offense, provide just punishment for it, and

21    promote respect for the law.

22              I think deterrence is also an important

23    consideration in these offenses, in this offense.  The penalty,

24    of course, must be sufficient to deter this defendant from any

25    return to similar offense conduct.  I understand what

                                                              6

1     Mr. Palmer said about the chastening effects of the fact of

2     getting caught and pleading guilty.  And those are not -- I

3     don't minimize those.  On the other hand, I think even where

4     those things are present, it is not unreasonable to consider

5     that a penalty has to be sufficient to deter future succumbing

6     to the same kind of impulses, which can, we know from

7     experience in these cases, can be quite strong and sometimes

8     overpowering.  And so that it does make sense to have a serious

9     penalty to reinforce whatever internal resolution there is to

10    remain -- or to avoid committing the offense again.

11              Deterrence of others I think is also a significant

12    consideration.  I'm not sure that imposing severe sentences on

13    one offender has much effect in warning off other offenders.  I

14    am concerned in the other direction, that insufficiently

15    punishing a given offender may encourage others or may signal

16    that they may escape serious punishment.

17              Another factor in the statute is the kind of

18    sentences available.  And I recognize, as the defense has

19    argued, that there's a wide range that's open on this occasion,

20    including not only incarceration but home confinement,

21    community confinement, and other combinations of penalty.

22              And the last factor I'll mention is the need to

23    avoid unwarranted sentencing disparity among defendants with

24    similar records who have been found guilty of similar conduct.

                              Page 5

011607 usa vs. elliott SOR (F).txt
25    This is related closely to the requirement of the statute that

7

1    take account of what the recommendation is from the guidelines
2    because the guidelines themselves operate imperfectly,
3    admittedly, but with some effectiveness to try to do exactly
4    what this factor calls for.  And that is to try to routinize
5    sentencing decisions to the point where unwarranted sentencing
6    disparities can sought to be avoided.  So taking seriously the
7    guidelines helps to accomplish that.
8              Now, so I think it's fair to say, then, that I
9    think a sentence of incarceration is appropriate.  Exactly what
10   level it should be, I think the government makes a reasonable
11   recommendation.  The one concern I have is whether there is a
12   reason to depart downwardly within the guidelines regime, not
13   as a variance from under the Booker theory, but within the
14   regime of the guidelines under 5K2.13, diminished capacity,
15   which permits a departure if a substantially reduced mental
16   capacity contributed to the commission of the offense.
17             I think there is a real issue of psychiatric
18   involvement here as identified by the report.  I would like to
19   have had more information about it.  I'm not sure how -- it's a
20   little speculative.  But there is an interesting observation by
21   Dr. Edersheim that makes this a little -- this case a little
22   bit different from other cases of this sort, of this offense.
23   And I'm quoting from a part of the report that I think is not
24   included in the PSR.  Dr. Edersheim says, "His descriptions of
25   downloading images are more consistent with the gratification

8

1    of obsessive and compulsive anxieties rather than primarily
2    sexual ones.  And he repeatedly denied the ability or the
3    desire to achieve sexual gratification from these images."

011607 usa vs. elliott SOR (F).txt

4    Now, she cautions that this is based solely on the interview
5    and the report of the defendant, but it's also consistent with
6    her other observations.
7         And I think that does distinguish the case a little
8    bit from the usual case, if I can say that, under the
9    guidelines.  So I'm inclined to depart slightly to recognize
10   that factor.
11        PROBATION OFFICER:  Your Honor, I hate to interrupt
12   but I just want to point out that 5K2. -- if you're going to do
13   a guideline departure, 5K2.13 departure is specifically
14   prohibited in this type of case, even in the old version of the
15   guidelines.
16        THE COURT:  Give me the reference.  I thought I
17   looked at that and concluded that that was not the case.
18        PROBATION OFFICER:  5K2.13 in the second paragraph
19   where it says, "However the Court may not depart below the
20   applicable guideline range," and the fourth one listed is if
21   the defendant's been convicted of an offense and this offense
22   is a chapter 110 offense.
23        THE COURT:  I think you're right.
24        MR. PALMER:  Well, I think the Court can still
25   under the present regime impose what --

                                                              9

1         THE COURT:  I can still do it as a variance.  I
2    think I could then.  Right.  I was going to stay within the
3    guidelines, but I think I'll do that.  The only other -- and
4    this is not a significant one -- is really to recognize the
5    factor but not to overplay it.  So I'm going to depart from the
6    low end of the guideline range only three months to 24 months.
7         Let me just as a final statement say I considered
8    also the question, because I think it's raised by the
                             Page 7

011607 usa vs. elliott SOR (F).txt

9  defendant, of whether family ties and responsibilities and so

10  on might be a reason for departing.  Also under the guidelines

11  not -- within the guidelines not permitted.  And I'm not

12  persuaded that this case is unusual in that respect.  It is

13  unfortunately a recurring consequence of criminal sentencing

14  that there are innocent people in the family who suffer as a

15  consequence of what needs to be done to justly punish an

16  offender.  So I would not be persuaded on that ground.

17          So, Mr. Elliott, if you'd stand, please.

18          Ross Elliott, on your conviction of this offense

19  and pursuant to the Sentencing Reform Act of 1984, it is the

20  judgment of the Court that you be and you hereby are committed

21  to the custody of the Bureau of Prisons to be imprisoned for a

22  term of 24 months.  I will make a recommendation that you

23  participate in mental health treatment, which includes as a

24  component sex offender counseling if available at the

25  designated Bureau of Prisons facilities where you are

                                                            10

1  incarcerated.

2          Upon your release from imprisonment, you shall be

3  placed on supervised release for a term of two years.  Within

4  72 hours of your release from custody, you shall report in

5  person to the district to which you've been released.  While

6  you're on supervised release, you shall comply with all the

7  standard conditions that pertain to that status that are set

8  forth in the sentencing guidelines at Section 5D1.3(c).

9  They're incorporated by reference and will be set forth in the

10  written judgment.

11          In addition to those conditions, while you're on

12  supervised release, you shall comply with the following special

13  conditions:  You shall not commit any other federal, state, or

011607 usa vs. elliott SOR (F).txt

14    local crime; you shall not illegally possess a controlled

15    substance.   There's no evidence of any substance abuse or

16    involvement with illegal drugs, so I'll suspend the usual drug

17    testing conditions for this defendant.   You shall submit to a

18    collection of a DNA sample as directed by the probation

19    office.

20              You are prohibited from possessing a firearm,

21    destructive device or other dangerous weapon.   If directed to

22    do so by the probation office, you're to participate in a

23    mental health treatment program; and you may be required to

24    contribute to the cost of such program based on the ability to

25    pay or availability of third-party payment.   You are also, if


                                                               11

1     directed to do so by the probation office, to participate in a

2     sex offender specific treatment program and may also be

3     required to contribute to the cost of such a program based on

4     your ability to pay or the availability of third-party

5     payment.

6               You shall be required to submit to periodic

7     polygraph testing as a means to ensure that are in compliance

8     with the requirement of your therapeutic program.   No violation

9     proceedings will arise based solely on your failure to pass a

10    polygraph test, but such an event could generate a separate

11    investigation.   While you're submitting to a polygraph test,

12    you do not waive your Fifth Amendment rights and your

13    exercise -- any exercise of your Fifth Amendment rights will

14    not give rise to any violation proceedings.   Again, you may be

15    required to contribute to the cost of any such testing based on

16    your ability to pay or the availability of third-party payment.

17              You are prohibited from possessing a computer

18    and/or related items or materials except as may be necessary
                               Page 9

011607 usa vs. elliott SOR (F).txt

19    for your employment.  You shall report any address changes to

20    the probation office promptly.  If required to do so by the

21    state law where you reside, you are required as a condition of

22    your supervised release to register as a sex offender.

23    Wherever state law requires it.

24            I will not impose a monetary fine.  There is a

25    mandatory special assessment in the sum of $100, which is due

                                                              12

1     forthwith.

2             Now, there was a request for self-report.

3             MR. BATOR:   No objection, your Honor.

4             THE COURT:   Okay, if there's no objection from the

5     government.  Four weeks.

6             THE CLERK:   Friday, February 16th, by noon,

7     12:00 p.m.

8             MR. BATOR:   Your Honor, one question.  Is defendant

9     scheduled -- would he be scheduled during this period for any

10    further mental health treatment during the -- before the time

11    between now and the time he reports?

12            THE COURT:   You mean by terms of already existing

13    pretrial release?

14            MR. BATOR:   Either by pretrial or based on his own

15    private arrangements.  It strikes me it may be useful simply

16    that there be some contact between --

17            THE COURT:   I don't have the pretrial conditions.

18    Do you have a copy of the pretrial?

19            PROBATION OFFICER:   I'll see if they're in the

20    file.

21            MR. BATOR:   I believe it's indicated as if deemed

22    appropriate.  I don't know if he had been currently receiving

23    some treatment.

                          Page 10

011607 usa vs. elliott SOR (F).txt

24          THE COURT:  Do you know, Mr. Palmer?

25          MR. PALMER:  He's not presently receiving treatment

13

1    but I did have -- well, a while ago I had conversations with

2    pretrial services.  They were recommending it but they never --

3    they suggested that I try and get it so...

4          THE COURT:  Well, I don't think it's worth

5    initiating for the period of time between now and the report.

6    I think it will simply be that the conditions that are in

7    effect for pretrial release of course continue until he

8    surrenders.  The surrender will, of course, be at an

9    institution as designated by the Bureau.  It won't be here; it

10   will be wherever he's designated.

11          MR. PALMER:  Will he continue to be reporting to

12   pretrial services?

13          THE COURT:  Abide by all the conditions that he's

14   been abiding by.

15          THE CLERK:  Ross Elliott, you have a right to file

16   a notice of appeal in this case.  If you do wish to file an

17   appeal, you must file it within ten days from the date the

18   judgment is entered.  If you cannot afford an attorney to file

19   the appeal on your behalf, you may request the clerk of the

20   Court to file the appeal for you and I will do so.

21          Do you understand, sir?

22          THE DEFENDANT:  Yes.

23          THE COURT:  All right.  We'll be in recess.

24          (Recessed, 4:13 p.m.)

25